IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARCUS FLOWERS**                                                                **PLAINTIFF**

v.                                                         CIVIL ACTION NO. 1:15-cv-67-JCG

**MARSHAL TURNER et al.**                                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON SOVEREIGN AND QUALIFIED IMMUNITY

THIS CAUSE is before the Court on the Motion for Summary Judgment Based on Sovereign and Qualified Immunity, filed by Defendants Marshall Turner, Brenda Sims, and Denise Brewer. (ECF No. 24). Plaintiff Marcus Flowers has filed a Response (ECF No. 28), and Defendants have not filed a Reply. Having considered the written submissions of the parties, as well as Plaintiff's sworn testimony at the omnibus hearing conducted on April 15, 2016, the Court concludes that Defendants' Motion for Summary Judgment should be granted. The claims against Defendants in their official capacities are barred by sovereign immunity. Defendants in their individual capacities are entitled to qualified immunity. Further, Plaintiff cannot recover for mental or emotional injury while in custody because he has not shown a physical injury.

## BACKGROUND

On March 5, 2015, Plaintiff, a postconviction inmate,[1] commenced this action *pro se* and *in forma pauperis* against numerous Defendants, challenging the conditions of his confinement at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. Jurisdiction is based upon 42 U.S.C. § 1983. Defendants are Warden Marshall Turner, former Deputy Warden Brenda Sims, and Correctional Officer Denise Brewer.

Plaintiff claims that his due process rights were violated when he was issued a false rule violation report (RVR) on September 6, 2014, by Officer Brewer at the direction of Deputy Warden Sims. The charge was possession of major contraband, a cellphone. (ECF No. 24-1, at 2). Plaintiff maintains that this RVR was issued in retaliation by Deputy Warden Sims because a previous RVR involving the same incident was dismissed because it was not delivered to Plaintiff within twenty-four hours. Plaintiff was found guilty of the second RVR and punished with a 60-day loss of prison privileges. *Id.* Plaintiff appealed the RVR, and the decision was affirmed by Warden Turner. (ECF No. 1, at 6).

Plaintiff alleges that his due process rights were also violated when he received a another false RVR on September 25, 2015, for assaulting another prisoner. (ECF No. 24-1, at 3). Plaintiff was found guilty of the RVR and punished with a loss of prison privileges for two months. *Id.*

---

[1] Plaintiff was convicted of murder and selling cocaine.

## DISCUSSION

A.  <u>Legal Standards</u>

    1.  **Summary Judgment**

Federal Rules of Civil Procedure 56 provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. The movant need not, however, support the motion with materials to negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving partys' claim. *Id.* at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for

trial." *Id.* at 324.

Summary judgment can be granted only if the record demonstrates that no genuine issue of material fact exists. It is improper for the court to "resolve factual disputes by weighing the conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." *Kennett-Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper if the court merely believes it unlikely that the non-moving party will prevail at trial. *Nat. Scrren Serv. Corp. v. Poster Exch., Inc.,* 305 F.2d 647, 651 (5th Cir. 1962).

### 2. The Prisoner Litigation Reform Act

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the United States Code), applies and provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

B. <u>Immunity</u>

    1.    **Sovereign Immunity**

To the extent that Plaintiff has named Defendants in their official capacities, Defendants are entitled to summary judgment as to such claims because the monetary damages the Plaintiff seeks are barred by sovereign immunity. The principle of sovereign immunity is reflected in the Eleventh Amendment, which precludes suits brought by private citizens against states in federal courts unless the State has waived its immunity. U.S. Const. Amend. XI; *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001). Congress did not abrogate Eleventh Amendment immunity in enacting § 1983. *Quern v. Jordan,* 440 U.S. 332, 341 (1979). Mississippi has not waived its right to sovereign immunity. *See* Miss. Code Ann. § 11-46-5(4) (1992) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

Sovereign immunity extends to any state agency or department deemed to be an "arm of the state." *Perez v. Region 20 Educ. Serv. Ctr.,* 307 F.3d 318, 326-27 (5th Cir. 2002); *see Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984) (the Eleventh Amendment bars a federal court suit naming "the State or one of its agencies or departments" as defendant"). It is well established that the Mississippi Department of Corrections (MDOC) is an arm of the State of Mississippi and cloaked with the State's Eleventh Amendment immunity from suit. *See Williams v.*

*Miss. Dept. of Corr.,* No. 3:12-cv-259-CWR-FKB, 2012 WL 2052101, at *1-2 (S.D. Miss. June 6, 2012) ("MDOC is considered an arm of the State of Mississippi" and is immune under the Eleventh Amendment); *Dandridge v. Miss.,* No. 2:08-cv-229-KS-MTP, 2009 WL 4940105, at *7 (S.D. Miss. Dec. 14, 2009) (same).

As MDOC is an arm of the state, its officers and employees are officers of the state in their official capacities. They are entitled to sovereign immunity from monetary damages in their official capacities. *See Am. Bank and Trust Co. v. Dent,* 982 F.2d 917, 921 (5th Cir. 1993) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)) ("a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself.")). Defendants have sovereign immunity against Plaintiff's monetary damage claims against them in their official capacities.[2]

### 2.  **Qualified Immunity**

Qualified immunity applies to officials sued in their individual capacity for money damages. Plaintiff has named each Defendant in his or her individual capacity. As officials of MDOC whose positions involve the exercise of discretion, Defendants in their individual capacities are entitled to qualified immunity because they did not violate Plaintiff's statutory or constitutional rights.

---

[2] A single exception, inapplicable to Plaintiff's present claim for monetary damages, exists for suits against state officials in their official capacities for prospective injunctive relief only. *See Ex parte Young,* 209 U.S. 123 (1908). Plaintiff is not seeking prospective injunctive relief.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). A government official is "entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002). If an official's conduct was objectively reasonable, it does not matter if that official's conduct violated a constitutional right; he is still entitled to qualified immunity. *Nerren v. Livingston Police Dep't,* 86 F.3d 469, 473 (5th Cir. 1996).

Where "a section 1983 defendant pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, the plaintiff then has the burden 'to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.'" *Salas v. Carpenter,* 980 F.2d 299, 306 (5th Cir. 1992) (citations omitted). The plaintiff in a suit in which immunity is asserted "must shoulder the burden of pleading a *prima facie* case, including the obligation of alleging 'detailed facts supporting the contention that the plea of immunity cannot be sustained.'" *Lynch v. Cannatella,* 810 F.2d 1363, 1376 (5th Cir. 1987) (internal citation omitted). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified

immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).

### (a) Plaintiff has Failed to Allege the Violation of Clearly Established Law

"The Fourteenth Amendment Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005). To maintain a procedural due process claim, Plaintiff must show that the RVRs either (1) affected or "will inevitably affect the duration of his sentence" or (2) imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 487 (1995). Plaintiff does not argue that either RVR affected or will inevitably affect his sentence. Rather, Plaintiff states that "a major rule violation is counted for several years in determining the custody (security level) of the inmate and the custody further determines housing, privileges, program eligibility, work assignment etc." (ECF No. 28, at 3).

The loss of privileges that Plaintiff points to does not constitute an atypical or significant hardship in relation to the ordinary incidents of prison life. *Sandin,* 515 U.S. at 486. The discipline imposed was not excessive "in either duration or degree of restriction." *Id.* There is no constitutional right to be in a particular status or activity in prison, and being assigned to or excluded from a particular program, job, or classification is generally not atypical and significant hardship that might

require procedural protections. Plaintiff has failed to state a claim for violation of due process. *See Id.* (holding placement in disciplinary segregation did not trigger due process protection); *Nathan v. Hancock,* 477 F. App'x 197, 199 (5th Cir. 2012) (holding placement in disciplinary segregation and change in custody status did not implicate liberty interest); *Zamora v. Thaler,* 407 F. App'x 802, 802 ("Punishments such as restrictions on visitation do not implicate due process concerns"); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (finding change in custodial status did not implicate due process concerns); *Hernandez v. Velasquez,* 522 F.3d 556, 562-63 (5th Cir. 2008) ("administrative segregation . . . being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim"); *Lewis v. Dretke,* 54 F. App'x 795, *1 (5th Cir. 2002) (finding disciplinary restriction of privileges did not implicate liberty interest); *Madison v. Parker,* 104 F.3d 765, 768-69 (5th Cir. 1997) (holding inmate's 30-day commissary and cell restrictions as punishment did not implicate due process concerns); *Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir. 1995) (finding there is no protectable liberty interest in custodial classification); *McGowan v. Peel,* No. 3:06-cv-659-DPJ-JCS, 2007 WL 710154, *2 (S.D. Miss. Mar. 6, 2007) ("It is clear that the Plaintiff does not have a constitutional right to receive a certain custodial classification while incarcerated").

Plaintiff has also not stated a constitutional violation with respect to his retaliation claim. Prison officials may not retaliate against an inmate because the

inmate was exercising a constitutional right.³ To prevail on a claim of retaliation, a prisoner must establish four elements: (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006); *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998).

Plaintiff does not allege that he was engaging in a constitutional right before or at the time that he was given the RVRs. Plaintiff does not allege, for example, that the RVRs were given to him because he was exercising a First Amendment right. It is well settled that a prisoner has no constitutional right to have his grievances investigated in a certain manner, or for the investigating officers to reach a different conclusion. *Taylor v. Cockrell,* 92 F. App'x 77, 78 (5th Cir. 2004); *Beall v. Johnson,* 54 F. App'x 796, *1 (5th Cir. 2002); *Hernandez v. Estelle,* 788 F.2d 1154, 1158 (5th Cir. 1986).

Plaintiff also has not provided sufficient evidence of an intent to retaliate. *See Woods v. Smith,* 60 F.3d 1161, 1165 (5th Cir. 1995). According to Plaintiff, Deputy Warden Sims required a second RVR for the same incident because the first was dismissed on procedural grounds. This is not direct evidence of motivation or a chronology of events from which retaliation may be plausibly inferred. *Id.* at 1166. Plaintiff's allegation of retaliation is conclusory, amounting to no more than a

---

³ Retaliation is not expressly referred to in the Constitution, but it is nevertheless actionable because retaliatory actions may tend to chill an individual's exercise of his constitutional rights. *See Perry v. Sinderman,* 408 U.S. 593, 597 (1972).

personal belief that he was retaliated against. An inmate's personal belief that he is a victim of retaliation is not sufficient to support a claim. *Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir. 1999). Conclusory allegations are also insufficient to support a claim. *Wilson v. Budney,* 976 F.2d 957, 958 (5th Cir. 1992).

### (b) Were Defendants' Acts Objectively Reasonable

Because Defendants' conduct did not violate a constitutional right, there is no need to review whether Defendants' conduct was objectively reasonable in light of clearly established law.

## C. Plaintiff Cannot Recover for Mental or Emotional Injury Without Prior Showing of Physical Injury

Plaintiff seeks monetary damages but has not suffered a physical injury. Such a claim is not allowed under the Prison Litigation Reform Act, which provides

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. §1997e(e).

*See Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (dismissing First Amendment claim for lack of physical injury where prison officials allegedly withheld mail and mishandled related administrative grievances); *Castellano v. Treon,* 79 F. App'x 6 (5th Cir. 2003); *Jones,* 188 F.3d at 326.

## CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants'

Motion for Summary Judgment Based on Sovereign and Qualified Immunity (ECF No. 24) is **GRANTED**. Dismissal of this case counts as a strike pursuant to 28 U.S.C. §1915(g) because Plaintiff has failed to state a claim, and this suit is frivolous.

    **SO ORDERED,** this the 9th day of March, 2017.

                                        *s/ John C. Gargiulo*
                                        JOHN C. GARGIULO
                                        UNITED STATES MAGISTRATE JUDGE